UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DISH Network L.L.C.;<br>EchoStar Technologies L.L.C.;<br>and NagraStar LLC, | Civil No. 12-2416 (DWF/FLN) |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS'<br>MOTION FOR COURT'S ENTRY OF<br>DEFAULT JUDGMENT, PERMANENT<br>INJUNCTION, AND IMPOUNDMENT** |
| v. | |
| Joshua Alan Lamaack, a/k/a<br>RAZOR420 and RAZOR, | |
| Defendant. | |

**I.  NATURE OF THE CASE**

1.  Plaintiffs DISH Network L.L.C., EchoStar Technologies L.L.C., and NagraStar LLC (collectively, "DISH Network") brought this action against Defendant Joshua Alan Lamaack a/k/a RAZOR420 and RAZOR ("Lamaack") for offering, selling, distributing, or otherwise trafficking in IKS server passcodes that are primarily designed and used for stealing DISH Network's copyright protected, subscription-based programming.

2.  On October 3, 2012, Lamaack was properly served with a copy of the summons and DISH Network's Original Complaint, (Doc. No. 7), but failed to file an answer, responsive pleading, or otherwise defend the lawsuit within the time allowed. DISH Network submitted evidence that Lamaack is not an infant, incompetent, or on active duty in the military or otherwise exempted under the Service members Civil Relief

Act and requested the Clerk to enter default judgment against Lamaack. (*See* Doc. Nos. 18, 19.)

3. On October 29, 2012, the Clerk entered default against Lamaack. (*See* Doc. No. 22.)

4. On March 6, 2013, DISH Network moved for default judgment, statutory damages, permanent injunction, impoundment, and entry of a final judgment against Lamaack based on his violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201(a)(2), and Communications Act, 47 U.S.C. § 605(e)(4). (*See* Doc. No. 35.)

5. As a result of Lamaack's failure to answer, or otherwise appear in this action and the Clerk's entry of default, the Court accepts as true the following well-pleaded allegations in DISH Network's Original Complaint, (Doc. No. 1):

    a. DISH Network L.L.C. is a multi-channel video provider that delivers video, audio, and data services to customers throughout the United States, Puerto Rico, and the U.S. Virgin Islands via a direct broadcast satellite system. DISH Network uses high-powered satellites to broadcast, among other things, movies, sports, and general entertainment services to consumers who have been authorized to receive such services after payment of a subscription fee, or in the case of a pay-per-view movie or event the purchase price. (Doc. No. 1, ¶¶ 9-10.)

   b. DISH Network contracts for and purchases the distribution rights for most of the programming broadcast on the DISH Network platform from providers such as network affiliates, pay and specialty broadcasters, cable networks, motion picture distributors, sports leagues, and holders of programming rights.  The works broadcast by DISH Network are copyrighted.  DISH Network has the authority to protect these works from unauthorized reception and viewing.  (*Id*. at ¶¶ 11-12.)

   c. DISH Network programming is digitized, compressed, and scrambled prior to being transmitted to multiple satellites located in geo-synchronous orbit above Earth.  The satellites, which have relatively fixed footprints covering the United States and parts of Canada, Mexico, and the Caribbean, relay the encrypted signal back to Earth where it can be received by DISH Network subscribers that have the necessary equipment. (*Id.* at ¶ 13.)

   d. An EchoStar Technologies receiver processes an incoming DISH Network satellite signal by locating an encrypted part of the transmission known as the entitlement control message and forwards that message to the NagraStar smart card.  Provided that the subscriber is tuned to a channel he is authorized to watch, the smart card uses its decryption keys to unlock the message, uncovering a control word.  The control word

is transmitted back to the receiver in order to decrypt the DISH Network satellite signal.  (*Id.* at ¶ 17.)

   e.   The EchoStar Technologies receiver and NagraStar smart card convert DISH Network's encrypted satellite signal into viewable programming that can be displayed on the attached television of a DISH Network subscriber.  (*Id.* at ¶ 18.)

   f.   Lamaack was and is engaged in offering to the public or otherwise trafficking in IKS server passcodes in violation of 17 U.S.C. § 1201(a)(2).  (*Id.* at ¶ 34.)  Lamaack's IKS server passcodes are primarily designed and produced for the purpose of circumventing the DISH Network security system; have no commercially significant purpose or use other than to circumvent the DISH Network security system; and are marketed by Lamaack for use in circumventing the DISH Network security system.  (*Id.* at ¶ 35.)  Lamaack's actions were and are performed without the permission, authorization, or consent of DISH Network or any owner of copyrighted programming broadcast on the DISH Network platform.  (*Id.* at ¶ 36.)  The DISH Network security system is a technological measure that effectively controls access to copying and distribution of copyrighted works.  (*Id.*)  Lamaack violated 17 U.S.C. § 1201(a)(2) willfully and for purposes of commercial advantage and private financial gain.  (*Id.* at ¶ 37.)

Unless restrained and enjoined by the Court, Lamaack will continue to violate 17 U.S.C. § 1201(a)(2).  (*Id*. at ¶ 38.)

g. Lamaack was and is engaged in the business of selling or otherwise distributing IKS server passcodes in violation of 47 U.S.C. § 605(e)(4).  (*Id*. at ¶ 40.)  Lamaack's passcodes are primarily of assistance in the unauthorized decryption of DISH Network's satellite transmissions of television programming.  (*Id*. at ¶ 41.)  Lamaack intended for his IKS server passcodes to be used in the unauthorized decryption of DISH Network's satellite transmissions of television programming, or knew or should have known the passcodes were and are primarily used for this purpose, and therefore are illegal and prohibited.  (*Id*. at ¶ 43.)  Such violations have and will continue to cause damage to DISH Network, and unless restrained and enjoined by the Court, Lamaack will continue to violate 47 U.S.C. § 605(e)(4).  (*Id.*)  Lamaack violated 47 U.S.C. § 605(e)(4) willfully and for purposes of commercial advantage and private financial gain.  (*Id*. at ¶ 42.)

6. DISH Network submitted evidence from PayPal Inc. that showed Lamaack sold at least 35 passcodes to the RazorTV IKS server and accepted payment using the PayPal e-mail address paypal@the-hangout.org.  (*See* Declaration of Jerry Gee, ¶¶ 4-6, Ex. 1); (*see also* Declaration of Joseph Boyle, ¶ 9, Ex. 3.)

7.      In accordance with Fed. R. Civ. P. 55(b)(2), DISH Network requests entry of a default judgment on Counts I and II for Lamaack's violations of the DMCA, 17 U.S.C. § 1201(a)(2), and Communications Act, 47 U.S.C. § 605(e)(4).

8.      In accordance with the Communications Act, 47 U.S.C. § 605(e)(3)(C)(i)(II), DISH Network requests an award of statutory damages in the amount of $350,000, a sum certain, for Lamaack's distribution of 35 IKS server passcodes in violation of the Communications Act, 47 U.S.C. § 605(e)(4).

9.      In accordance with the DCMA, 17 U.S.C. §§ 1203(b)(1), (2), DISH Network requests a permanent injunction and order for the seizure and impoundment of Lamaack's IKS server passcodes for his violations of the DMCA, 17 U.S.C. § 1201(a)(2).

10.     Provided that all the requested relief is *fully* granted, DISH Network agrees to dismiss Counts III through V against Lamaack with prejudice so that a final judgment may be entered in this case.

**II.    PERMANENT INJUNCTION AGAINST LAMAACK**

Upon Lamaack's default, the Court, having reviewed the record, evidence, and applicable law in this matter, enters a permanent injunction against Lamaack and **ORDERS** as follows:

1.      Lamaack, and any of his employees, agents, representatives, attorneys, and all persons acting or claiming to act on his behalf or under his direction or authority, and all persons acting in concert or in participating with him who receive actual notice of this

Order are **PERMANENTLY ENJOINED** and **MUST RESTRAIN** from directly or indirectly:

    a.    managing, directing, controlling, or otherwise operating any IKS server, including but not limited to the RazorTV IKS server;

    b.    manufacturing, importing, offering to the public, providing or otherwise trafficking in (i) IKS server passcodes, or any other code, password, or information used in accessing an IKS server, or otherwise providing access to an IKS server in any way, including but not limited to the RazorTV IKS server, and (ii) any other technology, component, or part thereof that is primarily of assistance in the unauthorized decryption of direct-to-home satellite services or used in circumventing DISH Network's security system; and

    c.    receiving or assisting others to receive DISH Network's satellite signal or other electronic communications originating from DISH Network's system without authorization.

2.    This permanent injunction is authorized under the DMCA, 17 U.S.C. § 1201(b)(1) and Fed. R. Civ. P. 65 and takes effect immediately.

### III. FINAL JUDGMENT AND ORDER FOR SEIZURE AND IMPOUNDMENT

1.    The Court **ORDERS** a final judgment in favor of Plaintiffs DISH Network L.L.C., EchoStar Technologies L.L.C., and NagraStar LLC on Counts I and II of

Plaintiffs' Original Complaint for violations of 17 U.S.C. § 1201(a)(2) and 47 U.S.C. § 605(e)(4) against Defendant Joshua Alan Lamaack a/k/a RAZOR420 and RAZOR.

2. The Court awards Plaintiffs statutory damages against Lamaack in the amount of $350,000 based on his 35 violations of the Communications Act, 47 U.S.C. § 605(e)(4) at $10,000 per violation as authorized by 47 U.S.C. § 605(e)(3)(C)(i)(II).

3. Pursuant to 17 U.S.C. § 1203(b)(2), the Court **FURTHER ORDERS** that, within 10 court days of service of this Order on Lamaack, Lamaack shall send by Federal Express or UPS to counsel for DISH Network, Joseph Boyle, Hagan Noll & Boyle LLC, 820 Gessner, Suite 940, Houston, Texas 77024, the following items for seizure and impoundment:

    a. all passcodes that may be used to access any IKS server along with the electronic media, including but not limited to CD-Roms, disks, and USB storage devices, on which the passcodes reside; and

    b. an inventory sheet identifying each item being delivered to counsel for DISH Network for impoundment.

4. Counts III through V of Plaintiffs' Original Complaint against Lamaack are **DISMISSED WITH PREJUDICE** so that a final judgment can be entered.

5. The Court retains jurisdiction over this action for the purpose of enforcing the judgment and permanent injunction against Lamaack.

6. This is a final judgment. Any relief not expressly granted herein, is denied.

7. Each party is to bear its own fees and costs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 4, 2013         s/Donovan W. Frank
                             DONOVAN W. FRANK
                             United States District Judge